## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

BOEING WICHITA CREDIT UNION,        )
                                    )
                  Plaintiff,        )    **CIVIL ACTION**
                                    )
v.                                  )    No.  04-1336-MLB
                                    )
WAL-MART REAL ESTATE BUSINESS,      )
TRUST                               )
                                    )
                  Defendant.        )
_____)

## **ORDER REMANDING CASE TO STATE COURT**

Plaintiff filed this case in state court seeking a declaratory judgment that a lease between it and defendant was still in force. Defendant promptly removed the case to this court on the basis of diversity jurisdiction. (Doc. 1.) Defendant subsequently filed a motion to dismiss, which was fully briefed and ripe for decision. (Docs. 17, 18, 20, 21, 29.) In reviewing the briefs and the notice of removal, the court became concerned that it lacked subject matter jurisdiction to hear the case based on the amount in controversy. Accordingly, the court issued an order to show cause why the case should not be remanded to state court. (Doc. 34.) The parties responded to that order, and a hearing was conducted on May 16, 2005. The court concludes that subject matter is lacking. Therefore the case must be remanded to state court.

As an initial matter, the court notes that all parties were prepared to proceed to the merits of this case. Indeed, during the hearing, counsel for plaintiff candidly admitted that he had no objection to having the case heard in federal court. Rather, he simply wanted to resolve the matter as promptly as possible. The

court finds no fault in plaintiff's reasoning.  In fact, the court finds this case interesting, and would be pleased to proceed to the merits.  Nonetheless, federal courts are courts of limited jurisdiction, United States ex rel. Grynberg v. Praxair, Inc., 389 F.3d 1038, 1048 (10th Cir. 2004), and the parties cannot confer jurisdiction where it is lacking.  Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982).  If the court lacks subject matter jurisdiction, all rulings are a legal nullity, lacking any force or effect.  See Hart v. Terminex Int'l, 336 F.3d 541, 542 (7th Cir. 2003).  Thus, although all parties appear satisfied to have the case heard here, at some point the court will issue a ruling on the merits.  That ruling will necessarily be adverse to one of the parties.  At that point, losing counsel will be obligated to inform his or her client that a basis for appeal exists based on lack of subject matter jurisdiction, which may be raised at any time, including on appeal.  See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995).  Therefore, the question of subject matter jurisdiction needs to be resolved now, so that this case can proceed in the proper forum, and so that the parties can obtain a prompt resolution of their dispute.

When a case is originally filed in federal court, the plaintiff enjoys a presumption that the amount claimed in the complaint is accurate for purposes of diversity jurisdiction.  Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir. 2001).  By contrast, that presumption disappears when a case is initially filed in state court.  Id.  Indeed, there is a presumption against jurisdiction in a case removed from state court, and defendant bears the burden of

-2-

proving jurisdiction by, at a minimum, a preponderance of the evidence. Id. at 1289-90. All uncertainties are resolved in favor of remand. Id. at 1290.

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. Lonnquist v. J.C. Penney Co., 421 F.2d 597, 599 (10th Cir. 1970). The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [the jurisdictional minimum]." Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

Laughlin, 50 F.3d at 873. In fact, the Tenth Circuit has strongly suggested that no additional evidence beyond the complaint and notice of removal may be considered in determining whether the amount in controversy is sufficient to confer jurisdiction. Martin, 251 F.3d at 1291 n.4.

Turning to the facts of this case, plaintiff's state court petition sought only declaratory relief; thus, it did not include a demand for money damages. (Doc. 1.) Nonetheless, a declaratory judgment may form the basis for diversity jurisdiction if the value of the litigation to either party exceeds the threshold amount of $75,000. City of Moore, Okla. v. Atchison, Topeka, & Santa Fe Ry. Co., 699 F.2d 507, 509 (10th Cir. 1983). In its notice of removal, defendant summarily claimed that "the matter in controversy exceeds $75,000, exclusive of interest and costs." (Doc. 1 at 2.) The only evidence provided to support that claim was an affidavit from defendant's Manager of Finance Operations, Tom Heffron, in which Heffron stated, "The value of the ATM, the lease, and the leased property is in excess of $75,000." Id. exh. B at 2.

-3-

As the court noted in its order to show cause, there appears to be no dispute as to ownership of the ATM or the leased property. Rather, the only dispute goes to the continued vitality of plaintiff's lease on defendant's property. Heffron's affidavit is nothing more than a conclusory statement on this point, providing no evidence regarding the basis for the claimed value. This is most unfortunate since defense counsel made clear at the hearing that defendant has had a comparable lease with another tenant on the same property for several years, and this tenant is paying over $750 per month more than the base rent specified in the disputed lease. Extrapolating that difference over the potential life of the contested lease may well have placed the value of this litigation over the $75,000 threshold.

Regrettably, defendant failed to include this information in its notice of removal. Although defendant made a veiled reference to this new lease in its response to the court's order to show cause, based on Martin and Laughlin, the court is limited to considering only the evidence presented in the petition and notice of removal. The court finds that defendant has failed to meet its burden to prove by at least a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. The case is therefore REMANDED to the state court for further proceedings.

IT IS SO ORDERED.

Dated this   18th   day of May 2005, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE